# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GARCIA,<br><br>  Plaintiff,<br><br>  v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>  Defendant. | Case No. 13-cv-2399-BAS(WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>**[Doc. No. 18]** |

On October 4, 2013, Plaintiff Miguel Garcia, who is proceeding *pro se*, commenced this action arising out of his prior employment with and subsequent termination by Defendant Honeywell International Inc. ("Honeywell"). Honeywell now moves to dismiss Mr. Garcia's First Amended Complaint ("FAC") under Federal Rules of Civil Procedure 12(b)(6) and 12(f).

The Court finds this motion suitable for determination on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS WITHOUT LEAVE TO AMEND** Honeywell's motion to dismiss.

## I.   BACKGROUND[1]

In June 2007, Mr. Garcia was hired to work for Honeywell Aerospace de Meixco, s.a. / Business & General Aviation ("Honeywell Mexico") as a Service Sales Specialist in a facility located in Mexicali, Mexico. (FAC ¶¶ 5, 11–13.) Mr. Garcia alleges that he was subject to harassment and discrimination based on his national origin after he informed his supervisor that he intended to apply for a lateral transfer to a position with Honeywell in the United States. (*Id.* ¶¶ 25–34.)

Thereafter, in August 2008 and again in May 2009, Honeywell instructed Mr. Garcia to sign a performance-review document, titled Performance Improvement Plan ("PIP"). (FAC ¶¶ 31–53.) Plaintiff refused both times. (*Id.* ¶¶ 35, 57.) On June 9, 2009, after refusing to sign a resignation letter, Mr. Garcia was terminated from his employment. (FAC ¶¶ 68, 71.)

### A.   Mexican Labor Board Action

On June 12, 2009, Mr. Garcia filed a complaint with the Mexican Labor Board for "wrongful termination and/or reinstatement." (FAC ¶ 77.) Honeywell responded by stating, among other things, that it had not terminated Mr. Garcia. (*Id.* ¶ 84.) Consequently, Mr. Garcia alleges that the labor board reinstated his employment. (*Id.* ¶ 85.) During a meeting with Honeywell representatives on March 16, 2010, Mr. Garcia alleges that he was told that it would not be possible for Mr. Garcia to return to work at Honeywell, and instead Honeywell wanted to reach a monetary agreement in order for Mr. Garcia to resign. (*Id.* ¶¶ 89–91.) He further alleges that Honeywell "threatened that if [he did] not sign a resignation letter, Honeywell was not going to issue a reference letter an[d] instead was going to put plaintiff on a non-grata employee list and that plaintiff was not going to be hired by any American Company in Mexicali

---

[1] Honeywell requests that the Court take judicial notice of documents filed and records related to the Arizona Action—including Mr. Garcia's appeal, complaint, order of dismissal, and judgment. (Def.'s Mot. 1 n.1.) The Court **GRANTS** the unopposed request under Federal Rule of Evidence 201. *See* Fed. R. Evid. 201(a) (a court may take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

again." (*Id.* ¶ 92 (emphasis removed).) Mr. Garcia refused to sign the resignation letter, and was allegedly once again terminated from his employment. (*Id.* ¶¶ 93–94.)

On the same day, Mr. Garcia filed a new complaint with the Mexican Labor Board.[2] (FAC ¶ 97.) In response, Honeywell "affirm[ed], again, that [Mr. Garcia] was not terminated from his job on March 2010 after reinstatement, and offered reinstatement once again." (*Id.* ¶ 98.) Mr. Garcia maintains that Honeywell and Honeywell Mexico are engaged in a conspiracy to, among other things, fabricate facts and discriminate against him. (*Id.* ¶¶ 130–32.) According to Mr. Garcia, the case before the Mexican Labor Board has not yet been resolved. (*Id.* ¶ 136.)

### B.    EEOC Action

On December 25, 2010, Mr. Garcia filed a complaint before the United States Equal Employment Opportunity Commission ("EEOC") in Phoenix, Arizona, asserting claims for discrimination, retaliation, and wrongful termination. (FAC ¶ 115.) In response to the charge that Mr. Garcia was unlawfully terminated, Honeywell stated that "Mr. Garcia failed to make the needed improvements to his performance, and his employment was terminated in June 2009." (FAC Ex. 17.) Honeywell denied the allegation that it terminated Mr. Garcia for improper reasons. (*Id.*) It also contended that the allegation that Mr. Garcia "was reinstated to his position on March 16, 2010 after filing a complaint with the labor board in Mexico only to be discharged again that same day" was false and misleading. (*Id.*) According to Honeywell, "[t]he Mexican Labor Board did not award Mr. Garcia severance, but agreed he could return to work." (*Id.*) However, "after being allowed to return to his position by [Honeywell Mexico], Mr. Garcia walked off his job and never returned to work; later claiming he was terminated." (*Id.*)

The EEOC later requested, among other things, that Honeywell submit a copy

---

[2] Mr. Garcia alleges that he filed a new complaint on March 16, 2009. (FAC ¶ 97.) However, the context of the allegations suggests that the year is a typographical error that should state 2010.

of the Mexican Labor Board decision. (FAC Ex. 18.) In response, Honeywell explained that "[t]he Mexican Labor Board declined to take [Mr. Garcia's] case; therefore, no record exists," and "[a]ny documentation of the claim would be in [Mr. Garcia's] possession." (*Id.*) Mr. Garcia contends that Honeywell's representations are false, and put forth for the purpose of deceiving the EEOC. (*Id.* ¶ 158.)

The EEOC later issued a right-to-sue letter to Mr. Garcia. (FAC ¶ 141.)

### C. Arizona Action

On April 23, 2012, Mr. Garcia, proceeding *pro se*, filed a complaint in the United States District Court for the District of Arizona ("Arizona Action"), asserting six claims for relief against Honeywell and Honeywell Mexico under Title VII of the Civil Rights Act of 1964 arising from his employment and termination. (Def.'s Mot. Ex. 1.) The six claims asserted included discrimination, harassment, retaliation, unlawful employment practices, breach of contract, intentional infliction of emotional distress. (*Id.*) Mr. Garcia alleges that Honeywell presented inconsistent facts and made other false statements in order to deceive the Arizona district court. (FAC ¶ 158.)

On October 4, 2012, the Arizona district court granted Honeywell's motion to dismiss. (Def.'s Mot. Ex. 2.[3]) The court dismissed the Title VII claims because the claims were barred for failure to timely exhaust administrative remedies, and because Mr. Garcia failed to adequately allege discriminatory or retaliatory conduct. (*Id.*) Similarly, the court dismissed the claim for intentional infliction of emotional distress because the claim was barred by the statute of limitations and Mr. Garcia insufficiently pled the claim. (*Id.*) Consequently, the Arizona district court entered judgment in favor of Honeywell and dismissed the action with prejudice. (Def.'s Mot. Ex. 3.)

On October 4, 2013, Mr. Garcia commenced this action against Honeywell. After the Court granted Honeywell's motion to dismiss, Mr. Garcia was given leave to

---

[3] *See also Garcia v. Honeywell Int'l Inc.*, No. CV-12-0840, 2012 WL 4747184 (D. Ariz. Oct. 4, 2012).

file an amended complaint. On February 17, 2014, Mr. Garcia filed his amended complaint asserting four claims for: (1) fraud; (2) obstruction of justice and conspiracy; (3) conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (4) spoilation of evidence. Honeywell now moves to dismiss the FAC under Rules 12(b)(6) and 12(f). Mr. Garcia opposes.

**II.   LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir.2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the

[plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. DISCUSSION

Honeywell argues that all of Mr. Garcia's claims are barred by the doctrine of res judicata[4] because, though the theories are different, the claims arise from the same transactional nucleus of facts from the Arizona Action. (Def.'s Mot. 4:2–6:12.) In response, Mr. Garcia argues that Honeywell engaged in "subsequent wrongs"—by continuing to deny that Mr. Garcia was terminated in June 2009 and March 2010, and by asking the Mexican Labor Board to "nullify" the depositions of its witnesses—that create new claims. (Pl.'s Opp'n 5:22–7:23.)

---

[4] The doctrine of res judicata is also known as claim preclusion. *See W. Radio Servs. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The two terms are used interchangeably.

The doctrine of res judicata protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). It "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The court applies the doctrine whenever there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Id.* Furthermore, "[t]he preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together. *W. Systems, Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992). "Different theories supporting the same claim for relief must be brought in the initial action." *Id.*; *see also Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 46, 62 (1st Cir. 2000) ("[A] difference in legal theories asserted in two suits that arise from the same transaction (or set of transactions) does not undermine the identity of causes between them.")

Mr. Garcia's purported "subsequent wrongs" arise from the same transactional nucleus of facts that formed the basis of the Arizona Action—the circumstances of his employment and subsequent termination from Honeywell, including the subsequent actions before the Mexican Labor Board and the EEOC. Mr. Garcia's allegation that Honeywell continues to deny that he was terminated was also alleged in the Arizona Action. (*See* Def.'s Mot. Ex. 1.) In paragraphs 48 and 70, Mr. Garcia respectively alleges that Honeywell representatives "declared under oath[] that plaintiff was not terminated," and that "Defendant's [sic] denied termination on March 10, 2010[.]"

1 | Similar allegations are made throughout the complaint in the Arizona Action.

2 | Mr. Garcia also alleged in the Arizona Action that Honeywell "played mind games" through the Mexican judicial system to avoid liability and "lengthen[ed] the legal process in order to drain the plaintiff [sic] spirit." (Def.'s Mot. Ex. 1 ¶¶ 81–84.) In this action, Mr. Garcia alleges that the purpose of the nullification attempts was to "imped[e], hinder[] and obstruct[] the due process of law" before the Mexican Labor Board. (*See* FAC ¶¶ 197, 233.) The Court agrees with Honeywell that Mr. Garcia's allegation in this action that Honeywell attempted to "nullify" certain depositions before the Mexican Labor Board is "part and parcel of his prior claim that Honeywell played 'games' with the Mexican legal system to avoid liability[.]" (Def.'s Mot. 3:3–9.) Consequently, Honeywell adequately establishes that an identity of claims exists between Arizona Action and this action. *See Frank*, 216 F.3d at 851.

Honeywell also adequately establishes the second and third elements of res judicata. "Involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata[.]" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). The Arizona Action was dismissed with prejudice. (*See* Def.'s Mot. Ex. 3.) Therefore, there is a final judgment on the merits. *See In re Schimmels*, 127 F.3d at 881.

For the purposes of applying the doctrine of res judicata, "privity" is a legal conclusion "designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d at 884. Both parties in this action were also parties in the Arizona Action, and though Mr. Garcia named Honeywell Mexico as a separate defendant in the Arizona Action, it is evident that Honeywell and Honeywell Mexico are in privity with one another. (*See* Def.'s Mot. Ex. 1.) Therefore, there is identity and privity between the parties. *See In re Schimmels*, 127 F.3d at 884.

In sum, Mr. Garcia fails to persuade the Court that the claims asserted in the FAC arise from a separate transactional nucleus of facts from those in the Arizona Action. Furthermore, Mr. Garcia does not address Honeywell's argument that his

1  claims for obstruction of justice, conspiracy, and spoilation of evidence are also barred
2  by the doctrine of res judicata, thereby resulting in a waiver of those claims.  *See*
3  *Stitching Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132
4  (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put
5  forward in an opening brief constitutes waiver or abandonment in regard to the
6  uncontested issue."). Accordingly, Honeywell adequately establishes in its motion that
7  the Arizona Action precludes this action under the doctrine of res judicata. *See Owens*,
8  244 F.3d at 713.

10  **IV.    CONCLUSION & ORDER**
11         In light of the foregoing, the Court **GRANTS WITHOUT LEAVE TO**
12  **AMEND** Honeywell's motion to dismiss. (Doc. No. 18.) Because Mr. Garcia fails to
13  adequately allege facts that constitute a separate transactional nucleus of facts from the
14  Arizona Action after multiple opportunities to amend his complaint, the Court
15  **DISMISSES WITH PREJUDICE** the FAC in its entirety. *See Cervantes v.*
16  *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district
17  court may dismiss without leave where . . . amendment would be futile."); *see also*
18  *Schreiber Distrib.*, 806 F.2d at 1401.
19         Additionally, the Court declines to sanction Mr. Garcia by awarding attorneys'
20  fees to Honeywell. Consequently, the Court **DENIES WITHOUT PREJUDICE**
21  Honeywell's request for attorneys' fees.
22         **IT IS SO ORDERED.**

24  **DATED: June 3, 2014**

   **Hon. Cynthia Bashant**
   **United States District Judge**