**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

MIGUEL GARCIA,
Plaintiff,

v.

HONEYWELL INTERNATIONAL INC.,
Defendant.

Case No. 13-cv-2399-BAS(WVG)

**ORDER RE: PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**

**[ECF No. 28]**

On October 4, 2013, Plaintiff Miguel Garcia, who is proceeding *pro se*, commenced this action arising out of his prior employment with and subsequent termination by Defendant Honeywell International Inc. ("Honeywell"). On June 6, 2014, the Court dismissed Mr. Garcia's claims with prejudice on the basis that they were all barred by the doctrine of res judicata. (ECF No. 23.) Thereafter, Mr. Garcia filed a timely notice of appeal of "the final judgment and order dismissing with prejudice its claims to the defendant." (Pl.'s Notice of Appeal 1:19–23.)

//

On March 13, 2014, the Ninth Circuit referred this matter to this Court for the limited purpose of determining whether *in forma pauperis* status should continue for Mr. Garcia's appeal, or whether the appeal is frivolous or taken in bad faith. (ECF No. 28.) For the following reasons, the Court finds that Mr. Garcia's appeal is frivolous and not taken in good faith.

## I. ANALYSIS

An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); *see also Huffman v. Boersen*, 406 U.S. 337, 339 (1972) ("In the federal system, 'good faith' has 'been defined as a requirement that an appeal present a non-frivolous question for review.'") (quoting *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring)). In turn, an issue is frivolous if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

Here, the Court found that Mr. Garcia's claims in this action were barred by the doctrine of res judicata because they arose from the same transactional nucleus of facts—the circumstances surrounding his termination from Honeywell in June 2009—as in an action filed earlier in the District of Arizona ("Arizona Action"). The court in the Arizona Action also dismissed Mr. Garcia's claims with prejudice. Consequently, Mr. Garcia's appeal has no arguable basis in fact or law, and is therefore, frivolous. *See O'Loughlin*, 920 F.2d at 617.

Moreover, the record also demonstrates that Mr. Garcia has brought his claims arising from is termination before multiple tribunals: (1) the Mexican Labor Board; (2) the Equal Employment Opportunity Commission; (3) the District Court for the District of Arizona; (4) the Ninth Circuit Court of Appeals; and (5) this district.[1] He now attempts to bring this action before the Ninth Circuit yet again while his appeal in the

---

[1] It is worth noting that the court in the Arizona Action also found Mr. Garcia's appeal in that case to be frivolous, but on different grounds. *See Garcia v. Honeywell Int'l Inc.*, No. CV 12-840-PHX-FJM (D. Ariz.).

Arizona Action remains pending.[2] *See Garcia v. Honeywell Int'l*, No. 12-17353 (9th Cir.). This vexatious conduct, among other reasons, also leads this Court to conclude that Mr. Garcia's appeal is not taken in good faith.

## II. CONCLUSION & ORDER

In light of the foregoing the Court finds that Mr. Garcia's appeal in this action is neither non-frivolous nor taken in good faith. *See Hooker*, 302 F.3d at 1092. In accordance with the Ninth Circuit's referral notice, the Clerk of the Court shall immediately notify the Ninth Circuit Court of Appeals and the parties of this order. (*See* ECF No. 28.)

**IT IS SO ORDERED.**

**DATED: June 23, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**

[2] Mr. Garcia paid the full required filing fee in his appeal arising from the Arizona Action. . *See Garcia v. Honeywell Int'l*, No. 12-17353 (9th Cir.).